# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| STING SOCCER OPERATIONS GROUP LP; ET. AL. | § § § | |
| v. | § § | CASE NO. 4:15-CV-127<br>Judge Mazzant |
| JP MORGAN CHASE BANK, N.A. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Strike Experts (Dkt. #63). After reviewing the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

The above-referenced case arises from Defendant JPMorgan Chase Bank, N.A.'s ("Defendant" or "JPMC") August 30, 2013 commencement of closure procedures on Plaintiffs' deposit accounts. On January 15, 2016, Plaintiffs filed their Second Amended Complaint, in which they alleged the following claims: (1) conversion; (2) tortious interference—banking; (3) tortious interference—customers; (4) breach of contract—improper restriction; (5) breach of contract—privacy policy; (6) wrongful dishonor; (7) violation of regulation CC; (8) business disparagement; (9) defamation; and (10) negligence (Dkt. #41)[1].

On February 5, 2016, Paul Carrubba ("Carrubba") issued his expert report, which found that (1) JPMC's actions were in "accordance with reasonable commercial standards in the banking industry and [were] consistent with the terms of the Deposit Account Agreement ("DAA")"; (2) "[t]he restrictions placed by [JPMC] on the Sting Accounts [were] in accordance

---

[1] On July 20, 2016, the Court entered its Memorandum Opinion and Order regarding Defendant's Motion for Summary Judgment (Dkt. #64) and Plaintiffs' Motion for Partial Summary Judgment (Dkt. #65). In its order, the Court dismissed the following claims: (1) conversion; (2) tortious interference—banking; (3) violation of regulation CC; (4) defamation; and (5) negligence (Dkt. #87).

1

with reasonable commercial standards in the banking industry and [JPMC] did not violate Federal Reserve Board Regulation CC"; and (3) "[t]he relationship between a bank and a customer relative to a deposit account is a debtor/creditor relationship, and the bank does not have fiduciary responsibilities on an account" (Dkt. #63, Exhibit A at p. 3).

On February 5, 2016, partners Gilbert Herrera and J. Finley Biggerstaff of Herrera Partners ("Herrera") issued a three opinion expert report, in which they rendered the following opinions: (1) that Plaintiffs' loss of teams and uniform kit sales were not causally linked to JPMC's actions; (2) that Barry Bell ("Bell") did not employ reliable methods and analysis to reach opinions concerning lost profits and value; and (3) Bell's damages analysis was incorrect, and damages should instead total $ 9,122.96 (Dkt. #63, Exhibit B at pp. 5-10).

On May 21, 2016, Plaintiffs filed their Motion to Strike Experts (Dkt. #63). On April 7, 2016, JPMC filed its response (Dkt. #66). On April 18, 2016, Plaintiffs filed their reply (Dkt. #69).

**LEGAL STANDARD**

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharm.,* Inc., 509 U.S. 579, 590-93 (1993), the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or person experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant filed." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 508-91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. E. EVID. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix,* Inc., 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 590 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exhaustive list of factors that courts may use in evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593-94; *Pipitone*, 228 F. 3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert,* 509 at 594.

The *Daubert* factors are not "a definitive checklist or test." *Daubert*, 509 U.S. at 593. As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S.*, Inc., 224 F.3d 402, 406 (5th Cir. 2000).

## ANALYSIS

In the present case, Plaintiffs seek to exclude portions to the report and testimony of both Carrubba and Herrera (*See* Dkt. #63).

*Motion to Strike Testimony of Paul Carrubba*

Plaintiffs move to strike portions of Carrubba's opinions as offered in his expert report under Rule 702 of the Federal Rules of Evidence. FED. R. EVID. 702. Plaintiffs argue that "Carrubba's opinions are irrelevant and impermissibly proffer legal conclusions" (Dkt. #63 at p. 3). JPMC asserts that Carrubba's opinions are relevant, reliable, and do not contain impermissible legal conclusions (Dkt. #66).

Rule 702 requires that expert testimony is relevant. "Relevance depends upon 'whether [the expert's] reasoning or methodology properly can be applied to the facts in issue.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quoting *Daubert*, 509 U.S. at 593). The Fifth Circuit has stated that testimony is relevant when it "assist[s] the trier of fact to understand the evidence or to determine a fact in issue." *Pipitone*, 288 F.3d at 245 (quoting *Daubert*, 509 U.S. at 591).

Rule 702 also requires that expert testimony be reliable. "Reliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Knight*, 482 F.3d at 352 (quoting Daubert, 509 U.S. at 592-93). When determining reliability, "[t]he court focuses on the expert's methodology, not the conclusions generated by it." *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 783 (N.D. Tex. 2013) (citing *Nunn v. State Farm Mut. Auto Ins.* Co., No. 3:08-CV-1486-D, 2010 WL 2540754, at *4 (N.D. Tex. June 22, 2010)). "If, however, 'there is simply too great an analytical gap between the [basis for the expert opinion] and the opinion proffered,' the court may exclude the testimony as

unreliable." *Orthoflex*, 986 F. Supp. 2d at 783 (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)); see also *Johnson v. Arkema, Inc.*, 685 F.3d 452, 460-461 (5th Cir. 2012); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 278-79 (5th Cir. 1998).

The Federal Rules of Evidence allow an expert to assert opinions that "embrace an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704(a). However, an expert witness may not offer opinions that amount to legal conclusions. *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001); *see also Calderon v. Bank of America, N.A.*, 941 F. Supp. 2d 753, 759-60 (W.D. Tex. 2013) (noting that the law is not a proper subject of expert opinion testimony). The Fifth Circuit has held that while experts may give their opinions on ultimate issues, our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury. *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (quoting *Specht v. Jensen*, 853 F.2d 805, 808-09 (10th Cir. 1988)).

First, Plaintiffs argue that Carrubba's first opinion, "[JPMC] followed industry standards in closing the Sting accounts[,]" should be stricken because his opinion is not relevant or reliable (Dkt. #63 at p. 3). Plaintiffs assert that "Carrubba attempts to offer a legal opinion stating that JPMC did not breach the contract." (Dkt. #63 at p. 3). The Federal Rules of Evidence allow an expert to assert opinions that "embrace an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704(a). However, an expert witness may not offer opinions that amount to legal conclusions. *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001); *see also Calderon v. Bank of America, N.A.*, 941 F. Supp. 2d 753, 759-60 (W.D. Tex. 2013) (noting that the law is not a proper subject of expert opinion testimony). The Fifth Circuit has held that while experts may give their opinions on ultimate issues, our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury. *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th

Cir. 1997) (quoting *Specht v. Jensen*, 853 F.2d 805, 808-09 (10th Cir. 1988)). Carrubba's opinion is rebutting the allegations made in Plaintiffs' expert, Christopher Kelly's ("Kelly") expert report (*See* Dkt. #63, Exhibit A at p. 4). The Court has found that Kelly's opinion as to the DAA is admissible as it relates to the disputed facts surrounding JPMC's alleged breach. Therefore, Carrubba's opinion is also admissible. The Court finds that Carrubba is addressing the underlying facts regarding JPMC's alleged breach of contract, and thus, his opinion is admissible.

Additionally, Plaintiffs claim that the opinion provides "no factual basis or analysis for [his] statement…and it is contradicted by the undisputed facts of this case." (Dkt. #63 at p. 4). Plaintiffs contend that Carrubba also made irrelevant statements that would be unhelpful to the jury in the present case (Dkt. #63 at p. 3). JPMC argues that Carrubba's analyses of the procedures taken by JPMC are relevant, as they help to show that JPMC followed the procedures set out by the DAA (Dkt. #66 at p. 3). JPMC argues that Carrubba based his analysis on JPMC's standard banking operations, coupled with "his extensive knowledge of and experience in the banking industry" (Dkt. #66 at p. 3). The Court finds that this testimony is reliable; and therefore, admissible. Carrubba has sufficient experience in the banking industry to draw conclusions as to commercial reasonableness based on his analysis of the facts. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land Situated in Leflore Cty., Miss.,* 80 F.3d 1074, 1077 (5th. Cir. 1996). Therefore, the Court finds that Plaintiffs' motion to strike Carrubba's opinion should be denied.

Additionally, Plaintiffs move to strike Carrubba's second opinion that "[JPMC] acted reasonably in placing restrictions on Plaintiffs' accounts and [JPMC] did not violate Federal Reserve Board Regulation CC[,]" arguing that it lacks reliability and seeks to offers impermissible legal conclusions (Dkt. #63 at pp. 4-5). The Court dismissed Plaintiffs' claim under Regulation CC. Therefore, Carrubba's testimony on this subject is no longer relevant. (Dkt. #87). As Plaintiffs' claim under Regulation CC has been dismissed from the case, the Court finds that the portions of Carrubba's testimony and his report should be stricken.

Finally, Plaintiffs move to strike Carrubba's third opinion, "[JPMC] had no fiduciary responsibilities or duties[,]" alleging that the opinion is irrelevant (Dkt. #63 at p. 5). JPMC argues that "[Carrubba] opines that the accounts at issue were normal deposit accounts, a conclusion of obvious relevance to Plaintiffs' conversion claim[2], and it is admissible" (Dkt. #66 at p. 5).

Plaintiffs contend that Carrubba's third opinion lacks reliability and relevance. *Daubert*, 509 U.S. at 590-591. The Court should focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 594. The Court finds that Carrubba's testimony would "assist[s] the trier of fact to understand the evidence or to determine a fact in issue." *Pipitone*, 288 F.3d at 245 (quoting *Daubert*, 509 U.S. at 591). The Court finds that the Carrubba report holds up to the *Daubert* analysis; and therefore, Plaintiff's Motion to Strike Experts should be denied as to opinion three, except to the extent that it references the conversion claim.

---

[2] In its July 20, 2016 Memorandum Opinion and Order, the Court dismissed Plaintiffs' conversion claim (Dkt. #87). To the extent that Carrubba's third opinion relates solely to Plaintiffs' conversion claim, it should be stricken. However, the Court will address its admissibility, as it is unclear whether Defendant seeks to use Carrubba's third opinion for any claims that still remain within the case.

*Motion to Strike Testimony of Herrera*

Plaintiffs also move to strike the expert testimony and report of Herrera for the following reasons: (1) he is not qualified to render an opinion in the subject area; and (2) his analysis is not reliable (Dkt. #63 at p. 6). JPMC asserts that Herrera is qualified and his opinion is reliable (Dkt. #66 at pp. 5-6).

Rule 702 requires that an expert witness is qualified. "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or a given subject." *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (citing *Wilson v. Woods*, 163 F.3d 935,937 (5th Cir. 1999)). However, Rule 702 does not demand that an expert be highly qualified in order to testify, and "[d]ifferences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact[.]" *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). The Court finds that Herrera is qualified to render an opinion as to the methodology and conclusions that Bell found in his initial expert report. The Fifth Circuit has held that "[t]o qualify as an expert, the witness must have such knowledge or experience in [his] field or calling to make it appear that his opinion or inference will probably aid the trier in his search for truth." *Metzler v. XPO Logistics, Inc.*, No. 4:13-CV-278, 2014 WL 7146108, at *3 (E.D. Tex. Dec. 15, 2014). Where there are reasonable indications of an expert's qualification, the question is no longer one of gatekeeping, but one of fact for the trier of fact. *Boral v. Odyssey Pictures Corp.*, No. 4:14-CV-00044, 2015 WL 993241, at *2 (E.D. Tex. Mar. 4, 2015).

Herrera has a very extensive history and knowledge of business consulting and assistance (Dkt. #63, Exhibit B at pp. 2-3). Herrera's experience within the soccer industry is not relevant as the Court looks to his experienced within the banking industry as a whole. Additionally, Herrera employs a very understandable methodology to explain and break down how he analyzes

Bell's information differently (Dkt. #63, Exhibit B). Because Herrera is qualified and his methodology is relevant and reliable, the Court finds that his opinion is admissible. Therefore, The Court finds that Sting's Motion to Strike Herrera should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Strike Experts (Dkt. #63) is hereby **GRANTED IN PART AND DENIED IN PART**. Carrubba's report should be stricken to the extent that it references the Regulation CC or the conversion claim, which have been dismissed (Opinion Two and Opinion Three).

**SIGNED this 4th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE