# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STING SOCCER OPERATIONS GROUP LP, STING SOCCER FOUNDATION, STING SPORTS GROUP LLC, STING GROUP HOLDINGS LLC, TEXAS TITANS FC LLC, and ROYAL NATION LLC, <br><br> v. <br><br> JPMORGAN CHASE BANK NA | § § § § § § § § § § § § | Civil Action No. 4:15-CV-00127 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Designate Responsible Third Party (Dkt. #113). After reviewing the relevant pleadings and motion, the Court finds that the motion should be conditionally denied and Defendant afforded an opportunity to replead sufficient facts.

### BACKGROUND

The present action arises from JPMorgan Chase Bank, N.A.'s ("JPMC") closure of Plaintiffs' bank accounts. Until the pre-trial conference, Plaintiffs consisted of several entities and an individual that operate and facilitate soccer clubs throughout Texas (Dkt. #41 at p.3). One of the services Plaintiffs provide to member teams includes opening separate bank accounts for each team (Dkt. #41 at p.3). Each team has a treasurer and manager who possess the ability to deposit and withdraw money from their team account for their respective team operations (Dkt. #41 at p.3). These team accounts were maintained at JPMC (Dkt. #41 at p.4). On or about August 30, 2013, JPMC closed and/or restricted all of the accounts Plaintiffs held at JPMC (Dkt. #41 at p.4).

On August 23, 2016, Plaintiffs filed an unopposed motion to dismiss Brent Coralli, Coralli Family Limited Partnership, Ltd., and Vola LLC (Dkt. #106). On August 24, 2016, the Court granted Plaintiffs' Motion to Dismiss (Dkt. #112).

On September 1, 2016, JPMC filed a motion seeking to designate Brent Coralli as a responsible third party (Dkt. #113). On September 16, 2016, Plaintiffs filed a response (Dkt. #114). Trial is set to begin on September 26, 2016 (Dkt. #111).

**LEGAL STANDARD**

Texas Civil Practices and Remedies Code section 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(a). Leave should be granted unless another party files an objection to the designation. TEX. CIV. PRAC. & REM. CODE § 33.004(f). If an objection is filed, the court should allow the designation unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE § 33.004(G). A responsible third party is defined as follows:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002

TEX. CIV. PRAC. & REM. CODE § 33.011(6).

Most district courts have found that section 33.004(a) is applicable in a diversity case. *See Withers v. Schneider National Carriers, Inc.*, 13 F.Supp.3d 686, 688 (E.D. Tex. 2014); *Alvarez v. Toyota Motor Corp.*, No. 3:06-cv-0340-D, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006); *Muniz v. T.K. Stanley, Inc.,* No. L-06-cv-126, 2007 WL 1100466, at *2 (S.D. Tex. April 11, 2007).

## ANALYSIS

JPMC argues that Brent Coralli should be designated as a responsible third party because Plaintiffs' injuries were proximately caused by Coralli's actions. JPMC argues that it closed Plaintiffs' accounts because of Coralli's highly publicized conviction for illegal gambling (Dkt. #113 at p.2).

The claims remaining for trial are: (1) tortious interference with contract–customers; (2) wrongful dishonor; (3) business disparagement; (4) breach of contract-improper restriction; and (5) breach of contract–privacy policy. Chapter 33 only applies to claims based in tort. TEX. CIV. PRAC. & REM. CODE § 33.002(a). Therefore, only the first three causes of action are relevant to this motion.

The Court finds that JPMC has not pleaded sufficient facts showing that Coralli caused or contributed to causing, in any way, the harm for which recovery is sought by way of violating an applicable legal standard with regards to the remaining tort claims in this suit.

## CONCLUSION

It is therefore **ORDERED** that the Motion to Designate Responsible Third Party by Defendant JPMorgan Chase Bank, N.A. (Dkt. #113) is **CONDITIONALLY DENIED**.

It is further **ORDERED** that Defendant JPMorgan Chase Bank, N.A. be given the opportunity to replead facts sufficient to support the alleged responsibility of Brent Coralli.

**SIGNED this 22nd day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE